UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEMOND TRAVELLE BOONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-CV-0486-CVE |
| | ) |
| META, and | ) |
| ASHLEY MCCLAIN, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the court is a complaint (Dkt. # 1) and motion to proceed in forma pauperis (Dkt. # 3), filed by plaintiff Demond Trevelle Boone, proceeding pro se. Having reviewed plaintiff's complaint, the Court finds that plaintiff fails to show that the Court has subject-matter jurisdiction. As the Court must dismiss a case once it determines that it lacks subject-matter jurisdiction, the Court dismisses plaintiff's complaint, and finds that plaintiff's motion to proceed in forma pauperis is moot.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzalez, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). Regardless of whether a litigant raises the issue of jurisdiction,

the Court has an obligation to consider whether subject-matter jurisdiction exists. FED. R. CIV. P. 12(h)(3). As the Supreme Court has stated and the Tenth Circuit has reiterated, federal courts have "'an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any state of the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)). Here, plaintiff proceeds pro se, and as is required by both Supreme Court and Tenth Circuit precedent, the Court must liberally construe his pleadings when considering the allegations contained in his complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Even though the Court must hold a pro se plaintiff's pleadings to a less stringent standard than those drafted by lawyers, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff fails to state a valid basis for this Court's jurisdiction. Plaintiff's complaint, which contains three sentences and a list of vague allegations ("fraud, nonmonetary-declaratory-injunction, class action"), does not allege any basis from which the Court can discern that there exists federal subject-matter jurisdiction. Dkt. # 1. As best the Court can tell, plaintiff's claims stem from a vague allegation of money laundering by an unspecified federal financial institution. Id. at 1. Plaintiff offers no statutory basis for pursuing a private right of action in federal court against either defendant Meta or defendant Ashely McClain for allegations of fraud or money laundering, as is required for federal question jurisdiction under 28 U.S.C. § 1331. Moreover, plaintiff alleges no facts from which the Court could find that complete diversity of citizenship exists among the parties or what the

amount in controversy is, or that it exceeds $75,000, as are required to establish diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff does state that he is a citizen of California (Dkt. # 1, at 1; Dkt. # 4, at 1); however, he makes no mention of the defendants' citizenships, nor does he state what relief he seeks, or that it meets the minimum required amount in controversy. Construing plaintiff's complaint as liberally as the law requires, the Court finds that plaintiff neither presents a federal question nor alleges any basis for federal diversity jurisdiction. Despite plaintiff's status as a pro se litigant, the Court cannot permit plaintiff's case to proceed in the absence of federal subject-matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 3) is **moot**.

**DATED** this 1st day of October, 2025.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE